worthless as an improvement, and palpably got up as a cover, and to give color to this invasion of complainant's rights. To clearly vindicate this conclusion of the court, it would be necessary to have the things before us, and to give a viva voce explanation. For the present we can only say such is our undoubted conviction from careful personal examination of the things themselves.

3d. The defense of want of novelty is wholly unsuccessful. The spring bolt brought from Birmingham, clearly shows that the device invented by Adams to improve Janus-faced locks, had never entered into the conception of the maker of it. As the bolt was only partially beveled, he had somewhat inclined the lip of the catch to make it slide with more ease. Everything which we have said with regard to the New York gate-locks, got up to defeat the Sherwood patent, applies with double force to the rusty sample brought to our notice from Birmingham. In both cases, the defense amounts to no more than this—that the persons who made these supposed originals came so near the patented device or machine that they might have discovered it if they had only thought of it, or could have anticipated that, at some future day, it could be converted to some useful, practical purpose, for simplifying, cheapening and improving an important article of our manufacture. It is only when some person, by labor and perseverance, has been successful in perfecting some valuable manufacture, by ingenious improvements, and labor-saving devices, that their patents are sought to be annulled by digging up some useless, rusty, forgotten contrivances of unsuccessful experimenters. Let a decree be entered for complainant according to the prayer of the bill.

[NOTE. No other cases involving this patent appear to have been reported prior to 1880.]

---

## ADAMS, (KARRAHOO v.)
[See Karrahoo v. Adams, Case No. 7,614.]

---

## ADAMS, (KEMPER v.)
[See Kemper v. Adams, Case No. 7,688.]

---

## Case No. 58.
### ADAMS v. KINCAID.
[2 Cranch, C. C. 422.][1]
Circuit Court, District of Columbia. Oct. Term, 1823.

JUSTICE OF THE PEACE—JURISDICTION IN DISTRICT OF COLUMBIA—ACT OF MARCH 1. 1823.

A justice of the peace, under the act of congress for extending the jurisdiction of justices of the peace, has not jurisdiction of suits against administrators.

[1][Reported by Hon. William Cranch, Chief Judge.]

At law. Adams brought suit, by a warrant of arrest, against Kincaid, administrator of McPhail, for services rendered by the plaintiff to McPhail in his lifetime. The account was proved and passed by the orphans' court. The warrant was returnable on the 13th of August, 1823, before Mr. Moulder, a justice of the peace, who adjourned the cause for consideration to the 18th, and again to the 20th, when "after a full hearing," he rendered judgment for the defendant, for costs, $1.16.

Upon the appeal Mr. Dunlop, for appellee, contended that a justice of the peace has no jurisdiction in suits against administrators.

Mr. Wallach, for appellant, referred to the new act of congress of the 1st March, 1823, (3 Stat. 743,) extending the jurisdiction of justices of the peace in the recovery of debts in the District of Columbia, by which it is enacted, "that from and after the 1st day of June next," (1823,) "in all cases where the real debt and damages do not exceed the sum of $50, exclusive of costs, it shall and may be lawful for any one justice of the peace of each respective county in the District of Columbia, wherein the debtor doth reside, to try, hear, and determine the matter in controversy, between the creditor and debtor, their executors and administrators, and upon full hearing of the allegations and evidences of both parties, to give judgment according to the laws existing in the said District of Columbia, and the equity and right of the matter, in the same manner, and under the same rules and regulations, to all intents and purposes, as such justices of the peace are now authorized and empowered to do when the debt and damages do not exceed the sum of $20, exclusive of costs."

THE COURT, (THRUSTON, Judge, absent,) was at first inclined to the opinion, that the justice of the peace had jurisdiction under the new act; but, after further consideration, affirmed the judgment, with costs.

---

## ADAMS, (LARNED v.)
[See Larned v. Adams, Case No. 8,092.]

---

## Case No. 59.
### ADAMS v. LAWRENCE CO.
### WOODS v. SAME.
[7 Pittsb. Leg. J. 145; 2 Pittsb. R. 60.]
Circuit Court, W. D. Pennsylvania. Nov. 17, 1859.

RAILROAD COMPANIES — MUNICIPAL AID—COUNTY BONDS — BONA FIDE HOLDERS — CONSTRUCTION OF STATUTE.

1. The act of assembly of 9th July, 1853, section 7, authorizing certain counties to subscribe